<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

## No. 09-2117
_____

PAUL F. KENDALL; FRANK MARTIN; PHILLIP ROUSSEAU,

             Plaintiffs - Appellants,

      and

BOBBIE ATHEY; LARRY ATHEY; JOHN MEY; JANET MEY; DENISE EDEN; PAUL EDEN; KNUT ELLENES; ELEANORE ELLENES; ORAL FOLKS; SUE FOLKS,

             Plaintiffs,

         v.

HOWARD COUNTY, MARYLAND; BARBARA MCFAUL COOK, Individually; PAUL JOHNSON, Individually; LYNN ROBESON, Individually; MARSHA S. MCLAUGHLIN, Individually; JAMES IRVIN, Individually; CINDY HAMILTON, Individually; CHARLES F. DAMMERS, Individually,

             Defendants - Appellees.

_____

## No. 09-2210
_____

PAUL F. KENDALL; FRANK MARTIN; PHILLIP ROUSSEAU,

             Plaintiffs - Appellees,

      and

BOBBIE ATHEY; LARRY ATHEY; JOHN MEY; JANET MEY; DENISE EDEN; PAUL EDEN; KNUT ELLENES; ELEANORE ELLENES; ORAL FOLKS; SUE FOLKS,

             Plaintiffs,

                    v.

HOWARD COUNTY, MARYLAND; BARBARA MCFAUL COOK, Individually;
PAUL JOHNSON, Individually; LYNN ROBESON, Individually;
MARSHA S. MCLAUGHLIN, Individually; JAMES IRVIN,
Individually; CINDY HAMILTON, Individually; CHARLES F.
DAMMERS, Individually,

                    Defendants - Appellants.

                    ──────────────

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:09-cv-00369-JFM)

                    ──────────────

Argued:  January 25, 2011          Decided:  April 21, 2011

                    ──────────────

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

                    ──────────────

Vacated and remanded with instructions by unpublished per curiam
opinion.

                    ──────────────

**ARGUED**:     Susan   Baker   Gray,   Highland,   Maryland,   for
Appellants/Cross-Appellees.    Melissa   Shane   Whipkey, HOWARD
COUNTY   OFFICE   OF   LAW,   Ellicott   City,   Maryland,   for
Appellees/Cross-Appellants.   **ON  BRIEF**:   Margaret  Ann  Nolan,
County  Solicitor,  Louis  P.  Ruzzi,  Senior  Assistant  County
Solicitor, HOWARD COUNTY OFFICE OF LAW, Ellicott City, Maryland,
for Appellees/Cross-Appellants.

                    ──────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thirteen residents and registered voters ("Residents") of Howard County, Maryland, commenced this action under 42 U.S.C. § 1983 against Howard County and seven of its officers in their individual capacities, alleging violations of the Howard County Charter and the First and Fourteenth Amendments to the U.S. Constitution. The Residents allege that the Howard County Council ("County Council") improperly enacted legislation by resolution rather than by "original bill"[*] and that these improper procedures violated their rights under the Howard County Charter and the First and Fourteenth Amendments. On the defendants' motion to dismiss, the district court elected to abstain under Burford v. Sun Oil Co., 319 U.S. 315 (1943), citing the presence of complex questions of state law. On appeal from the district court's order, we conclude that the Residents lacked standing to bring this action and therefore the district court lacked subject matter jurisdiction. Accordingly, we vacate the court's order and remand with instructions to dismiss the action.

---

[*] According to the Residents, a resolution is "a measure adopted by the Council having the force and effect of law but of a temporary or administrative character," whereas an original bill is used for "legislative acts," which are "subject to petitioning to referendum."

3

In their complaint, the Residents alleged that, on multiple occasions, the County Council used an improper procedure for taking legislative action, contending that the County Council "used the mechanism of 'resolution' and other means to insulate certain actions undertaken, usually on behalf of favored constituents, from challenge by referendum," in violation of the Howard County Charter. Section 202(g) of the Charter provides:

> Any amendment, restatement or revision to the Howard County General Plan, the Howard County Zoning Regulations or Howard County Zoning Maps, other than a reclassification map amendment established under the "change and mistake" principle set out by the Maryland Court of Appeals, is declared to be a legislative act and may be passed only by the Howard County Council by original bill in accordance with the legislative procedure set forth in Section 209 of the Howard County Charter. Such an act shall be subject to executive veto and may be petitioned to referendum by the people of the county pursuant to Section 211 of the Charter.

They also assert that six sections of the Howard County Code are facially unconstitutional because "they purport to authorize governmental approval of actions within the terms of this charter provision by other than original bill, thus making the approval not subject to petitioning to referendum," thus denying them their First and Fourteenth Amendment rights. In addition, the Residents "contest a variety of individual decisions . . . made by other than original bill thus circumventing [the Residents'] right of referendum." Finally, the Residents "challenge a number of discrete actions undertaken primarily by

4

executive branch [officials] without any purported authority which they allege fall within the actions/activities covered by one or both o[f] these charter provisions."

Determining that abstention was appropriate under Burford v. Sun Oil Co., 319 U.S. 315 (1943), the district court dismissed without prejudice the claims of the complaint for equitable or discretionary relief, stayed the claims for damages, and invited the parties to pursue their case in state court. Following the district court's invitation, the Residents filed suit in the Circuit Court for Howard County, raising their state law claims and stating their desire to reserve their federal claims for federal court. They also filed this appeal.

On appeal, the Residents assert that their complaint seeks to vindicate important free speech rights under the First and Fourteenth Amendments insofar as the

> supplanting of original bills . . . with resolutions and administrative acts[] represented in each case a direct affront to and usurpation of the political power and governing authority of the People of Howard County. A decision made to utilize a resolution instead of an original bill directly diminishes the quantum of free speech by preventing the people from associating to oppose a legislative action approved by the Howard County Council.

Elaborating, they explain:

> The actions of drafting a petition, submitting it for approval to the Board of Elections, organizing for circulating the petition, building coalitions of support, and finally the circulation of the petition for referendum involve the full range and scope of

5

> First Amendment rights, petitioning the government for redress of grievances, freedom of association, freedom of speech, and culminating in the right to vote. The deliberate refusal of the County to utilize the mechanism of the original bill completely eradicates this process, thus totally and completely depriving Appellants[] of their First Amendment rights and their right to vote.

They argue that the district court's decision to abstain under Burford was inappropriate because this case was not about county land use law or zoning, for which Burford abstention might be appropriate, but rather was about the County's legislative procedure, which applies not only in the land use context, but in the context of any Howard County legislative action. They argue that the federal interests in this case outweigh the state interests and that a federal court would not "intrude upon 'complex state administrative processes.'"

The defendants, too, contend that Burford abstention was inappropriate, but they do so because, as they contend, the district court should have dismissed the case for lack of subject matter jurisdiction. They argue that the Residents did not have standing in that they failed to assert a particularized harm. In the alternative, the defendants claim that the individual defendants were protected by qualified immunity. Finally, they argue that the Residents did not state a cognizable federal claim.

We agree with the defendants that the Residents lack standing to bring this action and therefore that the action must be dismissed for lack of subject matter jurisdiction. Under federal standing jurisprudence, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009) (internal quotation marks omitted); see also id. at 424 (a party lacks standing when its interest is "merely a claim of the right, possessed by every citizen, to require that the government be administered according to law") (internal quotation marks omitted).

In this case, the Residents purport to state claims, which are possessed by every citizen of Howard County, to require that the County government "be administered according to law." Their grievances are accordingly simply too generalized to provide them with standing to support federal jurisdiction. We therefore vacate the district court's Burford order and remand with instructions to dismiss this action for lack of subject matter jurisdiction.

VACATED AND REMANDED WITH INSTRUCTIONS

7